## STATE COURT OF APPEALS—Continued

### No. 59
### CITIZENS BLDG. & CONST CO. v. BUDDENBERG

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4751. Decided Jan. 14, 1924

841. NEW TRIAL—Mere difference of opinion between court and jury, not a ground for setting verdict aside and granting new trial.

Middleton, Sayre and Mauck, Sitting

MIDDLETON, P. J.

### Epitomized Opinion

First Publication of this Opinion

Buddenberg brought this action and recovered a judgment against The Citizens Co. in the Cuyahoga Common Pleas on a claim for money loaned the Company and for services rendered in its behalf as an architect and estimator. Error was taken to the decision of the Common Pleas and the case thus reached the Court of Appeals, which held as follows:

The complaint here made is that the jury allowed both claims on the uncorroborated testimony of Buddenberg and that therefore its verdict is not supported by sufficient evidence. The record shows, however, that there was some corroborating testimony, particularly in respect to a claim for a loan of $500 to the Company, but, if this were not so, a reviewing court would not be warranted in reversing a judgment solely on the ground that it was recovered on the uncorroborated testimony of a plaintiff. If the plaintiff's story is a reasonable one, and it is based upon facts that might ordinarily and usually happen in the affairs of men, no logical reason exists to reject such evidence. Moreover, it is the established law of this state that:

"A mere difference of opinion between the court and jury does not warrant the former in setting aside the finding or the latter. That would be in effect to abolish the institution of juries and substitute the court to try all questions of fact. It must be clear that the jury erred before a new trial will be granted on the ground that the verdict is against the weight of the evidence." French v. Miller, 2 OS. 45.

We cannot say that the verdict in this case is clearly wrong and the judgment is affirmed.

Attorneys—J. H. Schoen, Cleveland, for Citizens Co.; Mooney, McCormack & Roth, Cleveland, for Buddenberg.

### No. 60
### KREADY v. McVICKER

Ohio Appeals, 9th Dist., Wayne County
No. 763. Decided Oct. 10, 1923

PARTITION — Action in partition is appealable—Nature of cross-petition considered.

FUNK, J.

### Epitomized Opinion

First Publication of this Opinion

This action was commenced in Wayne Common Pleas by children, as heirs at law, of S. C. McVickers, deceased, who died intestate, for partition of a house and lot, and for an account of the rents and profits of the premises, as against C. D. McVicker, who occupied the premises from 1913 till the time of the trial. C. D. McVicker, by cross-petition, alleged that his grandfather and himself bought this property in 1905 with the understanding that his father and mother, his grandfather and himself were to live in the premises, that he was to care for his parents during their life time but upon their death he was to become the sole owner of the property. He further alleged that he had carried out this agreement and had also paid the taxes and made repairs on the property. At the trial the cross-petition was dismissed. McVicker perfected an appeal and filed a petition in error, asking the court to determine whether the case is appealable, and if so to hear it on appeal. In affirming the judgment, the Court of Appeals held:

1. "There can be no doubt that this case is appealable under the law of Ohio." 93 OS. 443.

2. The cross-petition is in the nature of an action to quiet title on an oral understanding or agreement for the transfer of the title, and the burden is upon the cross-petitioner to prove the allegation. C. D. McVicker has not sustained the burden of proof by the evidence.

Attorneys—C. C. Chapman and Weygandt & Ross, for Kready; Critchfield & Etling, for McVicker.